IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

PHILLIPS ALLEN, #141472                                                                PLAINTIFF

VERSUS                                                         CIVIL ACTION NO. 2:09cv191-KS-MTP

DIRECTOR OF ADMINISTRATOR OF SOCIAL SECURITY                       DEFENDANT

## MEMORANDUM OPINION

On September 15, 2009, the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status. This Court entered two orders in this case on September 16, 2009. One order [3] directed the plaintiff to sign and return an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4), within thirty days. The plaintiff has failed to respond or comply with that order. The other order [4] directed the plaintiff to file a completed application to proceed in forma pauperis, specifically the section entitled "Certificate to Be Completed by Authorized Officer" of prison accounts or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this Court, within thirty days. The plaintiff has failed to comply with that order as well.

When the plaintiff failed to comply, an order to show cause [5] was entered on November 16, 2009, directing the plaintiff to respond on or before December 1, 2009, and explain why this case should not be dismissed for his failure to comply with the Court's orders [3 & 4] entered on September 16, 2009. The plaintiff was warned in a notice of assignment from the Clerk that his failure to keep this Court advised of his current address could result in the dismissal of this action.

The order to show cause [5] entered on November 16, 2009, was mailed to the plaintiff's last known address. On November 20, 2009, the envelope [6] containing the November 16,

2009, order to show [5] was returned by the postal service with a notation "Return to Sender, Refused, Unable to Forward, No Longer at this Institution, No Forwarding Address on File ."

The plaintiff has failed to communicate with the Court, either to inquire as to the status of his case or to provide the Court with a current address. It is apparent from the plaintiff's failure to communicate with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. Link, supra, 370 U.S. at 630.

Since the defendant has never been called upon to respond to the plaintiff's pleading, and has never appeared in this action, and since the Court has never considered the merits of plaintiff's claims, the Court's order of dismissal will be without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this Memorandum Opinion will be entered.

This the 21st day of January, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE